UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHAD MICHAEL FREIN,

        Plaintiff,

    v.

DIANNE FEINSTEIN, *et al.*,

        Defendants.

_____

20-CV-252-LJV
DECISION & ORDER

On February 26, 2020, the *pro se* plaintiff, Chad Michael Frein, filed a complaint against United States Senator Dianne Feinstein, asserting that his civil rights were violated. Docket Item 1. On December 22, 2020, Senator Feinstein moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Docket Item 18, and on December 29, 2020, Frein responded, Docket Item 21.

On May 3, 2021, Frein filed an amended complaint, adding as defendants former President Barack Obama, former United States Senator and now Vice President Kamala Harris, and former United States Senator Barbara Boxer. Docket Item 27. The Court construes the amended complaint as a motion to amend under Federal Rule of Civil Procedure 15(a)(2). Frein also has moved for an order of protection against several non-party, and largely unnamed, individuals. Docket Item 28.

For the reasons stated below, Frein's motion to amend is granted, Senator Feinstein's motion to dismiss is granted, the complaint is dismissed with prejudice as to all defendants, and Frein's motion for an order of protection is denied.

**FACTUAL BACKGROUND**

The Court accepts all allegations in both the complaint and amended complaint as true and draws all reasonable inferences from those facts in Frien's favor. *See Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff.") (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of *pro se* litigants must be construed liberally and interpreted to raise the strongest arguments that they suggest). A liberal reading of the complaint and the amended complaint tells the following story.

Local government officials from Laguna Hills, California, and Orange County, California, committed various "crimes" against Frein. Docket Item 1 at 4. For example, an "agent or associate of the Orang[e] County [] Sheriff[]" "assault[ed]" Frein, "ripping [his] face open with [a] beer bottle ([he] believe[s])." *Id.* This happened because Frein "discuss[ed] crimes comm[i]ted by the Sherrifs [sic] and death threats which destroyed [his] career/slander." *Id.*

The government officials "used slander & misinformation to the United States Senate to create the illusion [that Frein] wronged them." *Id.* They also "used falsified information to confiscate money illegally collected with property stolen without warrants in addi[tion] to tablet P.C.[,] one of a kind artwork[,] and copy[-righted] materials[,] quartz

2

healing crystals[,] tablet comp[u]ter[, and] hard disk drives." *Id.* Frein contacted Senator Feinstein for the "state employees crimes against[] [him]." *Id.* at 1. He "need[s] to meet with [Senator] Feinstein to question." *Id.* at 4.

Moreover, Senator Feinstein, then-Senators Boxer and Harris, and President Obama committed "intellectual property theft." Docket Item 27 at 4. Frein "had government corruption at a state & federal level." *Id.* He "had no way being safe from government employees who maliciously attacked [him] after sharing [his] surprise with [a] coworker regarding violent [cr]ime." *Id.* Frein's neighbor told him about another "coworker" who "talked to the sherrifs [sic] directly at Mormon Church." *Id.* This is "destroying [his] life, leading [to] repeated murder attempts." *Id.* The defendants "did not have the security in place to resolve crime scene or protect [Frein] and [his] intellectual property compromised [dur]ing [tel]ephone calls to United States patents agent and [Frein's] father."

Frein seeks compensation for what was taken from him, including lost wages and "all money held or stolen from NASA contest funding Darpa [sic] Mormon Church[,] & Defence [sic] Department." Docket Item 1 at 4-5; Docket Item 27 at 4. And he seeks help with his "safety problems in all 50 states." *Id.* at 5.

## DISCUSSION

### I. CLAIMS AGAINST SENATOR FEINSTEIN

In her motion to dismiss, Senator Feinstein argues that this Court lacks subject matter jurisdiction over the claims against her and that, even if it had jurisdiction, the complaint fails to state a claim for which relief can be granted. *See* Docket Item 19. This Court agrees.

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction," *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018), possessing "only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "Article III of the Constitution limits the jurisdiction of federal courts to the resolution of 'cases' and 'controversies.'" *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (citing U.S. Const. art. III, § 2). Part of the case-or-controversy requirement is that a plaintiff must have standing. *Id.* To satisfy the "irreducible constitutional minimum of standing," a plaintiff must show: (1) that he has "suffered an injury in fact—an invasion of a legally protected interest[,] which is (a) concrete and particularized . . . and (b) actual or imminent[] not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant"; and (3) "that it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal marks and citations omitted).

The thrust of Frein's complaint against Senator Feinstein is that, after various "crimes" were committed against him by California officials, he contacted her office. *See* Docket Item 1 at 1, 4. The harm that Frein allegedly suffered at the hands of these officials is not "fairly traceable" to Senator Feinstein. *See Lujan*, 504 U.S. at 560. Moreover, to the extent that Frein is complaining that he did not receive a satisfactory response from Senator Feinstein or her office, that claim does not present a cognizable injury sufficient for Article III standing. *See, e.g.*, *DeGenes v. Murphy*, 2008 WL 450426, at *3 (W.D. Pa. Feb. 15, 2008) (dismissing the plaintiff's suit against a congressman for his failure to respond satisfactorily to the plaintiff for lack of standing

because the plaintiff had not "identified an injury in fact"), *aff'd*, 289 F. App'x 558 (3d Cir. 2008).

This Court might have subject matter jurisdiction over Frein's claim in the amended complaint that Senator Feinstein, along with the other defendants, committed "intellectual property theft." *See* Docket Item 27 at 4. But that is of no moment because Frein has failed to state a plausible claim in that regard.

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, "the courts have no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding that "unsubstantiated and inconsistent allegations" setting forth an alternative history of the September 11, 2001 terrorist attacks were frivolous).

Frein has failed to allege facts sufficient to show that Senator Feinstein committed intellectual property theft. Indeed, he has not even hinted that Senator Feinstein did anything of the sort. The most that the complaint alleges is that Senator Feinstein "did not have the security in place" to protect Frein from intellectual property theft committed by other people. *See* Docket Item 27 at 4. Therefore, even if this Court did have subject matter jurisdiction over this claim, the complaint fails to state a claim

for which relief can be granted. For all those reasons, Senator Feinstein's motion to dismiss, Docket Item 18, is granted.

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Id.*

Frein filed an amended complaint, Docket Item 27, but that amended complaint still failed to state a plausible claim. Further leave to amend is denied. Because Frein's claims are implausible, any amendment would be "futile," *see Cuoco*, 222 F.3d at 112; *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (holding that dismissal is proper where allegations are the "product of delusion or fantasy").

## II. REMAINING CLAIMS

The amended complaint added as defendants former President Obama, Vice President Harris, and former Senator Boxer. Docket Item 27. These defendants have not been served, and they have not appeared in this action. Nevertheless, the Court dismisses the claims against these defendants *sua sponte*—that is, on its own motion—because they raise the same claims raised against Senator Feinstein and therefore fail

6

for the same reasons.  *See Morse v. Network of Al-Queda Attorneys*, 2012 WL 1155821, at *4-*5 (E.D.N.Y. Apr. 5, 2012) ("[A] district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous, regardless of whether a plaintiff has paid the filing fee.").

Frein has not stated a legally cognizable claim against any defendant, and his claims are baseless as well.  *See id.*  Moreover, the Court cannot provide at least some of the relief that Frein seeks.  *See* Docket Item 27 at 4 (seeking safety in all 50 states).  His claims against all defendants, therefore, are dismissed.  Again, leave to amend is denied because, as explained, any amendment would be "futile."  *See Cuoco*, 222 F.3d at 112.

### III. REQUEST FOR A PROTECTIVE ORDER

Frein has requested, for a third time, an order of protection against various individuals in California.  Docket Item 28.  Frein does not "have all the names" of the individuals he wants protection from, but they all are in California.  *See id.* at 1.  As with his prior requests, Frein has given this Court no indication why it has jurisdiction to issue such an order.  Because Frein has no legal basis for his request, it is denied.

### **CONCLUSION**

Senator Feinstein's motion to dismiss, Docket Item 18, is GRANTED.  The complaint and the amended complaint are dismissed with prejudice as to all defendants.  The Clerk of the Court shall close this case.

SO ORDERED.

Dated: July 1, 2021

       Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE